UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-235-MOC
1:16-cr-88-MOC-DLH-1

| | |
|---|---|
| **BRIAN JAMES LAUGHTER,** | )<br>) |
| Petitioner, | )<br>) |
| vs. | )<br>) **ORDER** |
| **UNITED STATES OF AMERICA,** | )<br>) |
| Respondent. | )<br>) |

**THIS MATTER** is before the Court on Counsel's Statement Upon Receipt of Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 1), and an attached *pro se* Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1-1).

Petitioner was represented in the underlying criminal case by appointed counsel James W. Kilbourne, Jr.[1] Petitioner pled guilty to unlawful transfer of a firearm (26 U.S.C. §§ 5812, 5861(e), 5871) and unlawful possession of firearms (18 U.S.C. §§ 922(g)(3), 924(a)(2)). The Court adjudicated Petitioner guilty and sentenced him to 57 months' imprisonment for each count, concurrent, followed by two years of supervised release in a Judgment docketed on April 27, 2018. (1:16-cr-88, Doc. No. 37). Petitioner did not appeal.

On August 2, 2019, Mr. Kilbourne filed a document that Petitioner had mailed to him. It is entitled "Motion to Vacate, Set Aside or Correct Sentence" and cites 28 U.S.C. § 2255. (Doc. No. 1-1). However, the Motion to Vacate is not on the § 2255 form, it is not dated, and it is not verified or even signed. (Id.). As such, the § 2255 Motion to Vacate is seriously deficient and cannot

---

[1] Counsel has not filed a notice of appearance in the instant case.

1

proceed. Moreover, because Petitioner did not mail the Motion to Vacate to the Court, but rather, to counsel, the Court is unable to determine whether or not Petitioner intended to initiate this action.[2]

Plaintiff shall have **thirty (30) days** in which to file a superseding Amended § 2255 Motion to Vacate in accordance with this Order. Although Petitioner is appearing *pro se*, he is required to comply with the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). The Amended § 2255 Motion to Vacate will supersede and replace the original § 2255 Motion to Vacate so that any claims not included in the Amended § 2255 Motion to Vacate will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2255 Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order

---

[2] See United States v. Castro, 540 U.S. 375 (2003) (discussing the consequences of initiating a § 2255 action).

will probably result in dismissal of this action and closure of this case without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have **thirty (30)** days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend § 2255 Motion to Vacate within the time limit set by the Court, this action will probably be dismissed and the case will be closed.

2. The Clerk of Court is directed to mail Petitioner a new § 2255 Motion to Vacate form.

Signed: August 9, 2019

Max O. Cogburn Jr
United States District Judge