UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-235-MOC
1:16-cv-88-MOC-DLH-1

| BRIAN JAMES LAUGHTER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on its August 9, 2019, Order requiring Petitioner to file a superseding Amended Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 2).

Petitioner was represented in the underlying criminal case by appointed counsel James W. Kilbourne, Jr.[1] Petitioner pled guilty to unlawful transfer of a firearm and unlawful possession of firearms and he was sentenced on April 27, 2018. (1:16-cr-88, Doc. No. 37). Petitioner did not appeal.

On August 2, 2019, Mr. Kilbourne filed a document that Petitioner had mailed to him. It is entitled "Motion to Vacate, Set Aside or Correct Sentence" and cites 28 U.S.C. § 2255. (Doc. No. 1-1). However, the Motion to Vacate is not on the § 2255 form, it is not dated, and it is not verified or even signed. (Id.). As such, the § 2255 Motion to Vacate is seriously deficient and cannot proceed. Moreover, because Petitioner did not mail the Motion to Vacate to the Court, but rather, to counsel, the Court is unable to determine whether or not Petitioner intended to initiate this action.[2]

---

[1] Counsel has not filed a notice of appearance in the instant case.
[2] See United States v. Castro, 540 U.S. 375 (2003) (discussing the consequences of initiating a § 2255 action).

1

On August 9, 2019, the Court ordered Petitioner to file a superseding Amended § 2255 Motion to Vacate correcting these deficiencies. The Court cautioned Petitioner that failure to comply would probably result in the dismissal of this action without further notice.

Petitioner has not filed an Amended § 2255 Motion to Vacate and the time to do so has expired. Therefore, the case will be dismissed without prejudice for failing to comply with a court order. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order); see, e.g., Robinson v. North Carolina, 764 Fed. Appx. 339 (4th Cir. 2019) (affirming the dismissal without prejudice of a § 2241 petition for failure to comply with an order).

**IT IS, THEREFORE, ORDERED** that:

(1) This action is dismissed without prejudice for Petitioner's failure to comply with this Court's August 9, 2019 Order.

(2) The Clerk of this Court is directed to terminate this action.

Signed: October 18, 2019

Max O. Cogburn Jr
United States District Judge